IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

MICHAEL A. SULLIVAN,

        Plaintiff,

        vs.

NEBRASKA DEPARTMENT OF
CORRECTIONAL SERVICES, ROB
JEFFREYS, Director; JERRY LEE
LOVELACE, Medical Director, MD;
MICHELLE INZAURO, DNP; and
PAC M. HALLER,

        Defendants.

**8:26CV16**

**MEMORANDUM AND ORDER**

Plaintiff Michael A. Sullivan ("Plaintiff"), a prisoner, filed a pro se Complaint on January 12, 2026, Filing No. 1. Plaintiff has been given leave to proceed in forma pauperis. Filing No. 6. The matter is now before the Court to conduct an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

For the reasons set forth below, this Court finds that Defendant Nebraska Department of Correctional Services, and all claims against all other defendants in their official capacities shall be dismissed with prejudice. The Court further finds that Plaintiff states a claim of Eighth Amendment deliberate indifference to medical needs against Defendants Stark, Haller, and Grassid in their individual capacities, but all remaining claims against all other defendants in their individual capacities are subject to preservice dismissal. However, in lieu of progressing the case at this time the Court sua sponte grants Plaintiff leave to file an amended complaint that clearly states a claim or claims upon which relief may be granted against Defendants

Jeffreys, Lovelace, Enspahr, Hunsberger, Grams, and Inzauro within 30 days in accordance with this Memorandum and Order. If Plaintiff fails to file an amended complaint, Defendants Jeffreys, Lovelace, Enspahr, Hunsberger, Grams, and Inzauro shall be dismissed without further notice and the Court will progress the case as to Plaintiff's Eighth Amendment deliberate indifference to medical needs claim against defendants Stark, Haller, and Grassid in their individual capacities only.

## I. SUMMARY OF COMPLAINT

Plaintiff's Complaint, brought pursuant to 42 U.S.C. § 1983, alleges claims under the Eighth and Fourteenth Amendments for deliberate indifference to medical needs for the failure to provide necessary serious medical treatment during and after receiving biopsy surgery beginning in or about August of 2023 through December 3, 2025. Filing No. 1 at 1-2. Plaintiff names the Nebraska Department of Correctional Services ("NDCS"); M. Haller, PAC at the NDCS Work Ethic Camp; A. Stark at the Work Ethic Camp, APRN-FNP; Michelle Inzauro,[1] DNP at the Nebraska State Penitentiary ("NSP"); L. Enspahr, RN at the NSP; Larissa Hunsberger, PAC at the NSP; D. Grams, RN at the NSP; L. Grassid, RN at the NSP; Jerry Lee Lovelace Jr., medical director at the Omaha Correctional Center; and Robert Jeffreys, the NDCS Director, as defendants in their official and individual capacities.[2] *Id.* at 1-2. He alleges a claim of deliberate indifference to medical needs and substandard treatment for his injuries against all defendants as they had

---

[1] Plaintiff names "Michelle Izauro" as a defendant, *see* Filing No. 1 at 1, but then spells her name as "Inzauro" in the case caption and throughout the remainer of his Complaint, *see id.* at 1, 3-4. For purposes of this initial review this Court shall utilize the spelling "Inazuro" for consistency.

[2] Plaintiff references the defendants as "Respondents" and himself as "Petitioner," however in this action the correct terminology is Plaintiff and Defendants, which shall be used here in addressing Plaintiff's claims as set forth in the Complaint.

knowledge and awareness of Plaintiff's medical needs but they either ignored his injuries or their treatment was substandard. *Id.* at 3.

Specifically, Plaintiff alleges that while he was in custody at the Reception and Treatment Center he was approved for medical treatment including biopsy surgery for a chest rash. Filing No. 1 at 2. On August 24, 2023, he complained to Defendant Stark about a chest rash with redness and soreness, who provided him ibuprofen. *Id.* On October 13, 2023, Plaintiff again complained to an unnamed medical staff member that his chest rash was growing larger and more painful and he was again provided with ibuprofen. *Id.*

Plaintiff alleges when he was transferred to the Work Ethic Camp in McCook, Nebraska on October 27, 2023, he was seen by Defendant Haller upon complaining about "his 'chest rash and biopsy surgery'" but nothing was done. *Id.* at 3. He was later seen by Defendant Grassid on or about January 4, 2024, regarding his chest "not healing" and again on January 9, 2024, by Defendant Haller for "Punch Biopsy Surgery." *Id.* On January 16 and 17, Plaintiff alleges he was seen by Defendants Grassid and Haller, complaining that his skin was red, oozing with blood, and was very painful. *Id.* And, he was seen by Pathology Services in North Platte, Nebraska, for a follow up on his chest biopsy on March 11, 2024, where tests were performed but "nothing else was done by medical." *Id.*

Plaintiff was then transferred to the NSP sometime after March 11, 2024, and until November of 2025, Plaintiff did not receive any medical treatment. *Id.* In November of 2025, Plaintiff was seen by NSP medical staff for wound care of his chest, which he contends "had become worse and was leaking 'yellow and green' liquids." *Id.* Plaintiff again presented to "NSP Medical" on December 3, 2025, in "acute pain" but returned to his cell to rest after waiting for 2.5 to 3 hours without being seen and filed a grievance. *Id.*

3

However, Plaintiff also contends that he was seen on November 23, 2025, by RN Patrick White who found Plaintiff to be suffering from serious drainage and foul odors from his chest wound. *Id.* at 4. It appears Plaintiff has misstated the date of either his presentation to White or the date he filed his grievance as he alleges that after his November 23 visit with White his issues were addressed by White and Inzauro, but that he filed a grievance in December alleging that he had not been seen. *Id.* at 3-4.

Plaintiff describes his injuries as follows: 2 years of extreme pain, soreness, yellow and green liquids and blood oozing from an open chest wound, which caused him difficulty breathing, walking, and sleeping, further interrupting his ability to work. *Id.* at 4. Plaintiff further alleges he lost the support of his "wife" because she was afraid to touch him. *Id.*

As relief Plaintiff seeks monetary damages. *Id.*

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review prisoner and in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

## III. DISCUSSION

Plaintiff's Eighth Amendment deliberate indifference to medical needs/substandard care claim against all Defendants is premised on the allegedly substandard medical treatment he received while he was an inmate at the Work Ethic Camp and NSP. He alleges claims against all defendants in their individual and official capacities. As such, the Court shall address his

4

claims by capacity after addressing Plaintiff's claim against NDCS, which cannot proceed.

## A. The Nebraska Department of Correctional Services

As to Defendant NDCS, the Eleventh Amendment bars claims for damages by private parties against a state, state instrumentalities and an employee of a state sued in the employee's official capacity. *See, e.g., Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995); *Dover Elevator Co. v. Ark. State Univ.*, 64 F.3d 442, 446–447 (8th Cir. 1995). Any award of retroactive monetary relief payable by the state is proscribed by the Eleventh Amendment absent a waiver of immunity by the state or an override of immunity by Congress. *See, e.g., Dover Elevator Co.*, 64 F.3d at 444; *Nevels v. Hanlon*, 656 F.2d 372, 377–378 (8th Cir. 1981). While sovereign immunity does not bar damages claims against state officials acting in their personal capacities, nor does it bar claims brought pursuant to 42 U.S.C. § 1983 which seek equitable relief from state employee defendants acting in their official capacity, Plaintiff names NDCS, an instrumentality of the state, as a defendant and requests monetary damages only. Filing No. 1 at 1, 4. The Eleventh Amendment bars monetary damages claims against state instrumentalities absent a waiver of immunity by the state or an override of immunity by Congress. There is no such waiver here. Thus, Plaintiff's claims against defendant NDCS must be dismissed.

## B. Official Capacity Claims

Where claims are made against defendants in their official capacities such claims are construed as filed against the officers' employing entity, which here is the State of Nebraska. *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) ("A suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent."); *Parrish v. Luckie*, 963 F.2d 201, 203 n.1 (8th Cir. 1992) ("Suits against persons in their official

capacity are just another method of filing suit against the entity. A plaintiff seeking damages in an official-capacity suit is seeking a judgment against the entity." (citation omitted)). For the reasons explained above, Plaintiff failed to allege a plausible claim for relief against any Defendant in their official capacity as his claims for monetary relief are barred.

## C. Individual Capacity Claims

The Eighth Amendment prohibits the "deliberate indifference to serious medical needs" of prisoners. *Estelle v. Gamble*, 429 US. 97, 106 (1976). A deliberate-indifference claim involves both an objective and a subjective component, requiring a plaintiff to "demonstrate (1) that [he] suffered objectively serious medical needs and (2) that the prison officials actually knew of but deliberately disregarded those needs." *Allard v. Baldwin*, 779 F.3d 768, 771 (8th Cir. 2015) (quoting *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997)). "Medical malpractice alone ... is not actionable under the Eighth Amendment." *Popalii v. Correctional Medical Servs.*, 512 F.3d 488, 499 (8th Cir. 2008). Nevertheless, a "plaintiff can show deliberate indifference in the level of care provided in different ways, including showing grossly incompetent or inadequate care, ... showing a defendant's decision to take an easier and less efficacious course of treatment, ... or showing a defendant intentionally delayed or denied access to medical care." *Allard*, 779 F.3d at 772 (citations omitted).

Here, as to some defendants, Plaintiff appears to have met the deliberate indifference standard. A reddened, painful wound oozing blood and other fluids for several years is objectively serious. Plaintiff alleges Defendants Haller and Grassid saw the wound and did nothing about it, and that Defendant Stark saw the wound but treated it only with ibuprofen. Filing No. 1 at 3. As to the remaining defendants, Plaintiff has failed to state a claim against them requiring their dismissal from this action unless Plaintiff amends his Complaint.

6

Federal Rule of Civil Procedure 8 requires that every complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and that "each allegation ... be simple, concise, and direct."  Fed. R. Civ. P. 8(a)(2), (d)(1).  A complaint must state enough to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Erickson v. Pardus,* 551 U.S. 89, 93 (2007) (quoting *Twombly,* 550 U.S. at 555).  Regarding defendants Enspahr, Hunsberger, Grams, Lovelace, and Jeffreys, however, Plaintiff does not assert that any of them knew about his wound much less were involved in its treatment.  *See* Filing No. 1 at 3.

Aside from listing them as defendants, Plaintiff simply asserts that Defendants Lovelace and Jeffreys are liable because they implement policy, regulations, procedures, and customs of all medical staff under their direction.  *Id.* at 2.  While it appears Plaintiff seeks to hold Lovelace and Jeffreys liable as "supervisors" of the named defendants, such liability does not apply here.

> A supervisor cannot be held liable for an employee's unconstitutional actions based on a theory of respondeat superior. Rather, a supervisor incurs liability for a violation of a federally protected right when the supervisor is personally involved in the violation or when the supervisor's corrective inaction constitutes deliberate indifference toward the violation. "The supervisor must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what [he or she] might see."

*Ottman v. City of Indep.*, 341 F.3d 751, 761 (8th Cir. 2003) (alteration in original) (citations omitted).  As Plaintiff's Complaint contains no allegations that Lovelace or Jeffreys were personally involved in his treatment, his claim against them must fail without amendment.

As to defendants Enspahr, Hunsberger, and Grams, Plaintiff simply lists them as defendants but does not otherwise mention them at all.  As such, the

7

Court is unable to determine how these defendants were involved because Plaintiff does not connect the alleged violation to any of them.

Finally, as to Defendant Inzauro, Plaintiff alleged that Inzauro did not disregard his wound and instead provided treatment for it (along with non-defendant White). *Id.* at 4. Therefore, Plaintiff fails to establish that Defendant Inzauro disregarded his medical needs. Without such allegations, Plaintiff's claim against Defendant Inzauro cannot proceed.

## IV. CONCLUSION

For the reasons set forth herein, Defendant NDCS must be dismissed. While Plaintiff states an Eighth Amendment deliberate indifference to medical needs claim against Defendants Stark, Haller, and Grassid, he fails to state a claim upon which relief may be granted against Defendants Jeffreys, Lovelace, Enspahr, Hunsberger, Grams, and Inzauro. As such, Defendants Jeffreys, Lovelace, Enspahr, Hunsberger, Grams, and Inzauro and the Eighth Amendment deliberate indifference to medical needs claim against each of them is subject to preservice dismissal under 28 U.S.C. §§ 1915(e) and 1915A. On the Court's own motion, Plaintiff will be given 30 days in which to file an amended complaint that states a plausible claim for relief against any or all of Defendants Jeffreys, Lovelace, Enspahr, Hunsberger, Grams, and Inzauro and clearly explains what each of these Defendants did to him, when each Defendant did it, and how each Defendant's actions harmed him. Plaintiff is advised that any amended complaint he files will supersede his original Complaint.

If Plaintiff elects not to file an amended complaint within the 30-day deadline, the Court shall dismiss Defendants Jeffreys, Lovelace, Enspahr, Hunsberger, Grams, and Inzauro from this suit without prejudice and shall progress the case to service of process against Defendants Stark, Haller, and Grassid in their individual capacities only.

IT IS THEREFORE ORDERED that:

1. All claims against Defendant Nebraska Department of Correctional Services and all official capacity claims against Defendants Stark, Haller, Grassid, Jeffreys, Lovelace, Enspahr, Hunsberger, Grams, and Inzauro are dismissed with prejudice. The Clerk of Court is directed to terminate Nebraska Department of Correctional Services as a party in this case.

2. Plaintiff shall have until 30 days from the date of this Memorandum and Order to file an amended complaint that clearly states a claim or claims upon which relief may be granted against Defendants Jeffreys, Lovelace, Enspahr, Hunsberger, Grams, and Inzauro in accordance with this Memorandum and Order. If Plaintiff fails to file an amended complaint, Defendants Jeffreys, Lovelace, Enspahr, Hunsberger, Grams, and Inzauro shall be dismissed without further notice and the Court will progress the case as to Plaintiff's Eighth Amendment deliberate indifference to medical needs claim against defendants Stark, Haller, and Grassid in their individual capacities only.

3. The Court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915A in the event he files an amended complaint.

4. The Clerk's Office is directed to set a pro se case management deadline in this case using the following text: **July 6, 2026:** Check for amended complaint.

Dated this 4th day of June, 2026.

BY THE COURT:

John M. Gerrard
Senior United States District Judge

9